Li v. Garland

BIA
McCarthy, IJ
A206 291 068

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-two.

PRESENT:
>    ROSEMARY S. POOLER,
>    ROBERT D. SACK,
>    RICHARD C. WESLEY,
>        *Circuit Judges.*

_____

JIAFENG LI,
>        *Petitioner,*

>    v.                                          20-1080
>                                                 NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General;
                           Russell J. E. Verby, Senior
                           Litigation Counsel; John D.
                           Williams, Trial Attorney, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiafeng Li, a native and citizen of the People's Republic of China, seeks review of a March 18, 2020, decision of the BIA affirming a May 1, 2018, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiafeng Li*, No. A206 291 068 (B.I.A. Mar. 18, 2020), *aff'g* No. A206 291 068 (Immig. Ct. N.Y. City May 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the

2

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Li was not credible as to her claim that family planning officials in China forced her to have an abortion in 2003.

The agency reasonably relied on Li's submission to consular officials of a visa application, in which she knew the preparer of the application provided false employment and financial information.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A]

3

single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Although use of fraudulent documents created to flee or evade persecution may support rather than refute an asylum claim, Li obtained her visa based on false information ten years after she allegedly suffered persecution and thus was not fleeing persecution. *See Siewe*, 480 F.3d at 170. Li's explanation that the preparer of her application lied was unavailing because she nonetheless attended a visa interview and obtained a visa knowingly based on false information thereby showing her willingness to lie to obtain immigration benefits. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe*, 480 F.3d at 170.

The agency also reasonably found inconsistent Li's visa application, which stated that she had never been arrested, and her testimony that she was arrested once when she was forcibly taken for an abortion and a second time when she sought insurance compensation from the government. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Her explanation that she misunderstood the visa application was not compelling given that she continued to describe her detentions as arrests at

4

her hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied further on Li's inconsistent evidence about whether she had an abortion. Her U.S. medical records reported that she had an intra-uterine device in China, but not her alleged abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78 (providing that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Her explanation for this omission was not compelling. *See Majidi*, 430 F.3d at 80.

Having questioned Li's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

5

general makes an applicant unable to rehabilitate testimony that has already been called into question."). In addition to her inconsistent medical record, the agency reasonably noted the absence of an affidavit or testimony from Li's son who lives in the United States and could have confirmed that his mother was hospitalized when he was a child (although he did not know why) and whether he came to the United States to make it easier for Li to obtain a visa as she claimed.

Given the false application, inconsistencies, and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6